[Crim. No. 5767. Second Dist., Div. One. Apr. 24, 1957.]

THE PEOPLE, Respondent, v. WILLIE LAWTON, Appellant.

432

Samuel C. McMorris for Appellant.

Edmund G. Brown, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was charged with the violation of section 11500 of the Health and Safety Code. A prior conviction which was also alleged, was admitted.

As recited in respondent's brief, "On January 10, 1956, Harry Dorrell, a Los Angeles City Police Officer attached to Narcotic Division, in response to information received concerning the appellant, drove to a point from which he could view the area of appellant's automobile, a 1947 Cadillac. Officer Dorrell was aided in his observations by a pair of 7 by 50 binoculars. About noon on January 10, 1956 Officer Dorrell saw appellant, whom he had seen many times before, walk over to a small wall near his automobile, over which there was growing an ice plant. He saw him reach out and lift the plant where it hung on the wall. He then saw him reach beneath the ice plant with his right hand, and when he withdrew it, he saw him pat the ice plant on the top. Officer Dorrell continued his watch until 2 p. m. when he saw the appellant leave in the black Cadillac. He followed the Cadillac for a few blocks and then returned. Underneath the ice plant, where he had seen the appellant place his hand, Dorrell found a small package of tin foil. He opened it and found that it contained eight white paper bindles. He removed one bindle,

marked it, and placed it in his wallet. He took the other seven bindles, put them back in the tin foil, sprinkled fluorescent powder on the bindles and on the package, and replaced the package in its original position. The powder Officer Dorrell sprinkled on the bindles and on the package contained a substance which would fluoresce when placed under an ultraviolet light. After replacing the package, Officer Dorrell washed his hands at a service station, called the police station, and returned to his vigil. At 5 p. m., Sgt. Trembly of the Los Angeles City Police Department, Narcotic Division, joined Officer Dorrell and together they watched the vicinity of the ice plant. Officer Dorrell pointed to the particular plant in question and Sgt. Trembly picked it up, exposing the tin foil package. Trembly did not touch it. Following this examination, Officer Dorrell and Sgt. Trembly went directly across the street and lay in the weeds. Officer Dorrell checked his hands with the ultraviolet light and found no traces of powder. At 9:15 p. m. the appellant returned, parked his car about 100 feet north of the ice plant and walked toward the plant. In the car at the time were Oscar Alcorn and Johnetta Mester. When appellant reached the plant, he lifted it, reached beneath it with his left hand, stood up, and walked back toward his car. When appellant reached the driveway, Sgt. Trembly ran across the street yelling, "Willie, you are under arrest." Before either Sgt. Trembly or Officer Dorrell could reach him, the appellant made a strong motion with his left hand, 'over his head as if throwing an object, this was in an eastern direction.' The appellant was handcuffed and a fluorescent light was thrown on his hands. Appellant said he could see the powder but could not account for its presence. Officer Dorrell walked to the ice plant and observed that the package was no longer there.

"Between 6:15 p. m., when Sgt. Trembly first saw the package under the ice plant, and 9:15 p. m., when they saw the appellant approach the plant, Officer Dorrell and Sgt. Trembly kept a constant watch on the area. During that time they saw no other person approach the ice plant. Following the arrest of appellant, Officer Dorrell, Sgt. Trembly and other officers who had been called to the scene, searched the area and found, in the back yard of an adjacent house, the package that had been under the ice plant. It was found about 60 feet from the place appellant was standing when he made his throwing motion. Officer Dorrell pointed out the package to appellant, picked it up and examined it. It was in the same

condition it was when Officer Dorrell had covered it with fluorescent powder and replaced it under the ice plant. Appellant told the officers, 'It is not a fair way to catch me. . . . You didn't catch me, anything in my person.' The bindles in the package contained heroin."

Appellant contends, "that the conviction herein should be reversed for the following reasons: (I) Evidence obtained as a result of an unreasonable search and seizure was introduced, to the prejudice of defendant's constitutional rights, state and federal. (II) The verdict and judgment are contrary to law and the evidence, in that the evidence was insufficient to sustain a conviction as a matter of law. (III) Judicial error was committed in the introduction (a) of evidence adduced by leading questions; (b) in the denial of pro*ferr*ed evidence of bias of the principal prosecuting witness; (c) and in the admission of inadmissible hearsay in the form of an alleged confession or admissions. (IV) Federal and state requirements of due process were violated, and the principle forbidding self-incrimination in the respective constitutions were violated, by the involuntary recording of statements of defendant, obtained as a result of unreasonable search and seizure and recorded without his consent."

 Appellant's contentions as above noted, lack support in the record both as to the law and the facts. There is no evidence of unlawful search and seizure for, as above noted, the officers recovered the so-called bindle in the yard where it had been thrown. Nor does the record support appellant's contention that the, "verdict and judgment are contrary to law and the evidence." The evidence was properly received and is sufficient, as a matter of law, to support the verdict. The record reveals no prejudicial errors with regard to introduction and admission of evidence.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 19, 1957.