[Civ. No. 23728.   Second Dist., Div. One.   Apr. 3, 1959.]

RONALD ANTHONY GASCON, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Robert A. Ortiz for Petitioner.

William B. McKesson, District Attorney, Lewis Watnick and Jere J. Sullivan, Deputy District Attorneys, for Respondent.

NOURSE, J. pro tem.*—Pursuant to the provisions of 999a of the Penal Code, petitioner seeks a writ of prohibition predicated upon the grounds that there was no competent evidence before the committing magistrate to establish probable cause for his being held to answer and that the respondent court erred in denying his motion, made pursuant to section 995 of the Penal Code, to set aside the information. We have concluded that the peremptory writ of prohibition should issue as prayed for.

The facts as established by the evidence taken before the committing magistrate are: About 8 p.m on January 7, 1959, two police officers of the city of South Gate observed an automobile lawfully parked on Hildreth Street near the intersection of Firestone in the city of South Gate. This is a commercial and industrial area but both Hildreth and Firestone are well lighted and a liquor store facing on Firestone a short distance from the intersection was open. The officers observed a woman sitting in the car and approached the car and questioned her. She stated she was waiting for her boy friend who had gone to the liquor store to purchase some cigarettes. At that time the officers saw the defendant approaching the parked car. They intercepted him before he reached it. They questioned him, asking where he had been, to which he replied that he had been to the liquor store to purchase some cigarettes for his girl friend. They asked him his name and he gave it. They asked him whether he had been "busted" before, to which he answered in the affirmative. They asked him several other questions but did not ask him for his driver's license. He appeared nervous while being questioned. After questioning, the officers told petitioner they were going to search him, whereupon defendant attempted to flee. He was overtaken when he had gone 25 to 35 feet but during his flight he threw

*Assigned by Chairman of Judicial Council.

some objects from his sweater pocket which included a small tinfoil package which the officers later recovered. It was found to contain marijuana.

At the time of the incident above recounted, defendant was at liberty on bail but the officers did not know this fact and had no reason to suspect that the defendant had committed a crime nor did they have any search warrant or warrant for his arrest. At the preliminary hearing, over timely objections, the marijuana was admitted into evidence. This evidence constituted the only proof of the corpus delicti.

█ That the officers did not have probable cause to arrest petitioner is not disputed by the People nor could it be for he was lawfully upon the public streets at night and had not committed any acts which would tend to arouse suspicion prior to his flight. (*People* v. *Brown*, 45 Cal.2d 640 [290 P.2d 528] ; *People* v. *Simon*, 45 Cal.2d 645, 650-651 [290 P.2d 531] ; *People* v. *Harvey*, 142 Cal.App.2d 728, 731 [299 P.2d 310].)

█ If probable cause had existed for the petitioner's arrest it would be of no moment that they attempted a search of defendant's person before making the arrest rather than afterward. (*People v. Simon, supra*.) █ There being no probable cause for arrest, if the officers had carried out their threat to search petitioner's person and had found the contraband in the process of the search, there would be no question but that the evidence was illegally obtained and, therefore, inadmissible. (*People* v. *Harvey, supra*; *People* v. *Simon, supra*; *People* v. *Brown, supra*.)

█ In the present case petitioner's flight was caused by the threat of the officers to illegally search his person which they could, without question, have put into effect, and the discarding by the petitioner of the evidence upon his person was but a product of the threat. We cannot distinguish this case in principle from that of *Badillo* v. *Superior Court*, 46 Cal.2d 269 [294 P.2d 23]. In that case the petitioner fled from the premises which had been illegally entered by the investigating officers. In fleeing he threw from his person and into the hands of an officer waiting outside the front door of the premises certain contraband. In holding that the evidence was erroneously admitted into evidence at petitioner's preliminary hearing and in issuing a peremptory writ of prohibition against his trial upon the information which resulted from that hearing the Supreme Court said (p. 273) :

"The attorney general contends that defendant abandoned the evidence when he threw it toward Agent Hipkins and that therefore he may not object to its use against him. It clearly

appears, however, that defendant's flight out the front door and attempted disposal of the evidence was the direct result of Officer Getchell's illegal entry, and accordingly, the evidence was obtained in violation of constitutional guarantees.''

In the cited case as well as in the case at bar, the petitioner was fleeing from the attempted illegal invasion of his constitutional rights (U.S. Const., Fourth Amendment; Cal. Const., art. I, § 19), and in each case, during the flight, he attempted to dispose of the evidence which the officers would have obtained had they been able to complete the threatened unlawful act. In each case the evidence, being the product of the illegal acts of the officers, was illegally obtained.

Let a peremptory writ of prohibition issue.

Fourt, Acting P. J., and Lillie, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 27, 1959. Shenk, J., and Spence, J., were of the opinion that the petition should be granted.