[Crim. No. 6976.   Second Dist., Div. Two.   Aug. 16, 1960.]

THE PEOPLE, Respondent, v. RUDY PIEDRA, Appellant.

Ellery E. Cuff, Public Defender, under appointment by the District Court of Appeal, and Richard W. Erskine, Deputy Public Defender, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, A. Douglas MacRae, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendant was convicted of the unlawful possession of heroin, a narcotic.  He was sentenced to the state prison for the terms prescribed by law.  He has appealed from the judgment and sentence.

On the morning of June 24, 1959, Officers Dorrell and Fesler went to an apartment building at 1237 South Alvarado, in Los Angeles, to determine whether defendant lived there. They were informed by the landlady that defendant was living in an apartment upstairs. While they were still in the hallway, not far from the front door of the apartment house and preparing to leave, Officer Dorrell saw the defendant run up the front steps, open the door, which was curtained making it difficult to see through, and walk rapidly into the hallway. When the defendant had reached a point 6 or 8 feet into the hallway, Officer Fesler said to him, "Hello, Rudy." Defendant looked in the officers' direction, stopped, and dropped a cellophane bindle from his right hand to the floor. It landed 6 or 8 inches from defendant's feet. Officer Dorrell picked it up. Upon examination by a qualified forensic expert it was found to contain heroin. The officers had neither a search warrant nor a warrant for defendant's arrest.

It appears that some time during the previous month these officers had contacted defendant in a café reportedly frequented by narcotic peddlers and users. He gave the officers an address at which he said he resided with his mother. He also informed the officers that he had recently been released from prison. He was thereupon searched, during which the officers found narcotics in his possession. The officers did not, however, have a warrant either for his arrest or a search. Officer Dorrell checked with the address defendant had given them and learned that defendant did not live there but resided at 1237 South Alvarado. A few days later they went to an apartment at that address where they found defendant. This was apparently the apartment of his girl friend. The officers searched both the apartment and defendant but found no contraband. They had neither a search warrant nor a warrant for defendant's arrest on this occasion.

In seeking a reversal defendant contends that the discarding of the narcotic by him was the product of a threat to illegally arrest and search him, and that therefore the trial court erred in admitting the contraband in evidence. ██ The law is settled that in reviewing a case an appellate court must view the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the respondent. ██ Viewing the incidents in the hallway, when defendant entered and observed the officers, in the light of these principles, it is apparent that there is ample evidence to sustain defendant's conviction. He obviously had the heroin with him, and upon seeing the officers sought to dispose of it by

dropping it. But the officers observed his abortive attempt to rid himself of the contraband. The officers made no statement nor any movement indicating that they contemplated either arresting or searching the defendant. It thus appears that the officers did not obtain the contraband as a result either of any search or threatened search. It was therefore lawfully obtained and properly admissible in evidence. (*People* v. *Edwards,* 142 Cal.App.2d 419, 421 [298 P.2d 664]; *People* v. *Sterling,* 154 Cal.App.2d 401, 405-406 [316 P.2d 405]; *People* v. *Spicer,* 163 Cal.App.2d 678, 683 [329 P.2d 917].)

Defendant relies entirely upon *Gascon* v. *Superior Court,* 169 Cal.App.2d 356 [337 P.2d 201], and *Badillo* v. *Superior Court,* 46 Cal.2d 269 [294 P.2d 23]. These cases, however, are not here applicable. In the Gascon case the officers had threatened to illegally search the accused. In the Badillo case, the premises from which the petitioner had fled had been illegally entered by the investigating officers. Thus, in both of the cases cited, ''the petitioner was fleeing from the attempted illegal invasion of his constitutional rights.'' (*Gascon* v. *Superior Court, supra,* p. 359.) In the instant case, there was no statement nor act indicating any illegal invasion of defendant's rights. The defendant suggests, however, that there was an implied threat of illegal search by the officers in view of defendant's previous experiences with them in which, on two occasions, he had assertedly been illegally searched. In making this contention, however, defendant overlooks the presumption that official duty will be regularly performed. Obviously, there is no basis in this record for an appellate court to draw, as a matter of law, inferences from the facts and circumstances contrary to those drawn by the trial court.

The judgment (and sentence, which are one and the same, *People* v. *Cruz,* 178 Cal.App.2d 83, 88 [2 Cal.Rptr. 868]) is affirmed.

Ashburn, J., and Richards, J. pro tem.*

---

*Assigned by Chairman of Judicial Council.