[Crim. No. 7742.    Second Dist., Div. One.    July 29, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES FRANKLIN TABB, Defendant and Appellant.

Justin M. Groshan, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Peter Graber, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—The judgment of the trial court in this case, made on April 6, 1961 (adjudging defendant guilty of unlawfully posessing heroin), was affirmed by this court in an opinion filed on October 16, 1962. (*People* v. *Tabb*, 208 Cal.App.2d 567 [25 Cal.Rptr. 541.].) Thereafter, pursuant to direction of the Supreme Court of the United States, the remittitur herein was recalled and the judgment of this court was vacated in order to consider (in the light of *Douglas* v. *California*, 372 U.S. 353 [83 S.Ct. 814, 9 L. Ed.2d 811]) the matter of appointment of counsel for defendant who had appeared in propria persona when this appeal was previously before this court.

This court appointed Mr. Justin M. Groshan as counsel for defendant.

The facts of the case were stated, in substance, in the

former opinion. The contentions of appellant, which were made when he was acting in propria persona, are discussed therein. The former opinion (*People* v. *Tabb*, 208 Cal.App.2d 567 [25 Cal.Rptr. 541]) is adopted by reference as a part of the present opinion.

██ Counsel for appellant asserts in effect that the court erred in receiving the heroin (Exhibit 1) in evidence, for the reason that the officers obtained it as a result of their illegal conduct in driving the police car quickly and diagonally across the intersection toward appellant and thereby so intimidating him that he threw the heroin away.

Defendant was accused of unlawfully possessing heroin.

Some of the facts as stated in the former opinion were as follows:

"Prior to the arrest on the occasion involved herein, Officers Crowe and Hannon knew that the defendant was a user of narcotics—Officer Crowe had arrested him previously, and the defendant had told Officer Hannon that he was a user of heroin.

"On December 10, 1960, about noon, while police officers Crowe and Hannon were in a 'black and white' police car, travelling south on Compton Avenue, in Los Angeles, near 56th Street, they saw six or seven persons on the sidewalk at the southeast corner of the intersection of those streets. The officers knew that the interesection was frequented by narcotic addicts. Officer Crow, who was driving the car, drove it diagonally across the intersection to the curb at the southeast corner of the intersection where the persons were standing.

"Officer Hannon testified that he thought that, as a result of such driving, one of the 'hypes' would run or give them (the officers) probable cause to get narcotics; that as the car approached the corner, he saw the defendant standing on the corner, with his back toward the car; that when the defendant turned around (facing the car) he was holding his hands in front of him, about waist high; defendant looked at the officers and then, with his right hand, put something into his mouth; then, with his left hand, the defendant threw a blue object over his head; the object landed on the sidewalk at a place about 7 feet from defendant; when the object was thrown the officers were in the car which was about 12 feet from the defendant; Officer Hannon (witness) jumped out of the car, picked up the object and noticed that it was a balloon which was 'knotted' near the end; through a hole in the balloon he saw a capsule therein with white powder in it; at

that time he noticed that Officer Crowe was holding the defendant 'by the arms or by the shoulder,' and that the defendant was coughing; the defendant chocked hard and spat an object onto the sidewalk; the object was a capsule containing white powder; he (witness) wrapped the balloon and the capsule in paper, and later delivered them to the property section of the police department; neither of the officers choked nor attempted to choke the defendant; after defendant was arrested he said to the officers: 'I know you have got me dead bang, but don't arrest me because you know I am on parole'; then the defendant said that the officers should have arrested the man in the black shirt who was the dealer from whom he had just purchased the two caps for $6.00.

"Officer Crowe testified that he stopped the police car abruptly at the southeast corner of the intersection and at that time, when he was about 10 feet from the defendant, he saw the defendant turn around, look at the car, and then make a throwing motion with his left hand; he (witness) got out of the car and took the defendant into custody; while he was arresting and handcuffing the defendant, the defendant was gagging and a white capsule dropped from defendant's mouth; the defendant said that he had just purchased the two caps from a person who had just walked around the corner; he (officer) had observed that a person wearing a black shirt had walked fast while going away from the corner; defendant said that he could not have swallowed the capsule, because he needs water in order to swallow a pill."

As above indicated, counsel for appellant asserts that the officers' conduct in driving the car constituted "investigation by fear and attempted intimidation." Counsel for appellant cites cases wherein officers had illegally entered a house, or apartment, or hotel room, and as a result of such entry the defendants disposed of contraband. Some of those cases are: *People* v. *Haven,* 59 Cal.2d 713 [31 Cal.Rptr. 47, 381 P.2d 927]; *Badillo* v. *Superior Court,* 46 Cal.2d 269 [294 P.2d 23]; *People* v. *Reeves,* [1](Cal.App.) 34 Cal.Rptr. 815; *Hood* v. *Superior Court,* 220 Cal.App.2d 242 [33 Cal.Rptr. 782]. He also cites *Gascon* v. *Superior Court,* 169 Cal.App.2d 356 [337 P.2d 201], wherein the officers (without probable cause for arrest) while questioning defendant who was in an automobile told him they were going to search him, and there-

---

[1]A hearing was granted by the Supreme Court on December 23, 1963. The final opinion of that court is reported in 61 Cal.2d 268 [38 Cal.Rptr. 1, 391 P.2d 393].

upon the defendant attempted to flee but during his flight he threw marijuana away.

The present case is distinguishable from the cited cases in that in the present case there was no illegal entry into a house, apartment, or hotel room, or a threat to arrest or search. In the present case, defendant's furtive conduct of throwing the balloon and putting something in his mouth occurred while the officers, in a marked car, were approaching and before they said anything to him. In the present case the heroin was not obtained illegally. This contention is not sustainable.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 24, 1964. Mosk, J., did not participate therein. Peters, J., was of the opinion that the petition should be granted.