[Crim. No. 2376.   Fourth Dist., Div. Two.   July 19, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. LEROY EDWARD PEREZ, Defendant and Appellant.

Hennigan, Ryneal & Butterwick and Charles J. Hunt, Jr., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert H. Francis, Deputy Attorney General, for Plaintiff and Respondent.

TAMURA, J.—Following a jury trial on an information charging him with a violation of section 11530 of the Health

and Safety Code (possession of marijuana) and one prior felony conviction for the sale of heroin (admitted prior to trial), defendant was found guilty, denied probation and sentenced to the state prison for the term prescribed by law. He now appeals from the judgment of conviction.

On November 10, 1964, about 6 or 6:30 p.m., Detectives Willis and Richenberger of the San Bernardino County sheriff's office were proceeding southerly on Riverside Drive in Rialto in an unmarked sheriff's vehicle with Detective Willis driving. It was dark and had been raining intermittently. The officers intended to turn east on Slover Street to continue a surveillance of a suspected narcotics peddler's house which was located less than a quarter of a mile from the intersection of Slover and Riverside Drive. As they neared the intersection they saw a vehicle turn onto Riverside Drive in front of them. Upon noting that the vehicle was one defendant had previously been seen driving and believing that the suspected narcotics peddler might also be in the vehicle, Willis pulled closer whereupon he recognized defendant at the wheel. There was no other occupant. Willis knew the defendant from a previous encounter in connection with his arrest and conviction on a charge of selling heroin and knew that defendant had been committed to the California Rehabilitation Center, returned to court, placed on probation, and was still on probation. Shortly prior to this incident, the probation officer had asked Willis if he had any information concerning the defendant's activities. Willis had therefore intended to look the defendant up to make such inquiries.[1] Upon recognizing defendant and noting that he came from the direction of the home of the suspected narcotics peddler, the detectives decided to question him concerning his activities and seek any information he might have concerning the suspected peddler. When the detective turned on the red light and siren, defendant abruptly stopped his vehicle on the right shoulder. Detective Willis stopped immediately to the rear. As Richenberger stepped out of the sheriff's vehicle and approached defendant's car from the right, defendant looked back through the window, saw Richenberger, bolted from the driver's side of the vehicle and ran towards the center of the highway. As he ran, he reached into his jacket and threw a small white

---

[1] Detective Willis testified that he had information that the defendant was again using narcotics, associating with users and buying narcotics from the suspected peddler. This testimony, however, was stricken when the prosecution refused to reveal the identity of the informant.

package across the street. Detective Willis drew his gun, pursued defendant and apprehended him while Detective Richenberger retrieved the white package. When the three returned to the sheriff's vehicle the officers opened the package and Detective Willis determined that it contained marijuana. Defendant was thereupon taken into custody.

Defendant contends that the white package and evidence as to its content should have been excluded on the ground that it was illegally obtained as a direct result of unlawful conduct of the officers in stopping defendant without probable cause.

An officer may stop a pedestrian or motorist for questioning under circumstances short of probable cause for arrest. (*People* v. *Mickelson*, 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658].) There must, however, be some suspicious circumstance to justify even such a limited interference with an individual's freedom of movement. (*People* v. *One 1960 Cadillac Coupe*, 62 Cal.2d 92 [41 Cal.Rptr. 290, 396 P.2d 706]; *Hood* v. *Superior Court*, 220 Cal.App.2d 242 [33 Cal.Rptr. 782].) There is no precise formula by which it can be determined whether an officer acted lawfully in stopping a pedestrian or a motorist for questioning; the test is ". . . when the circumstances are such as would indicate to a reasonable man in a like position that such a course is necessary in the proper discharge of his duties." (*People* v. *One 1960 Cadillac Coupe, supra,* pp. 95-96; *People* v. *Davis,* 222 Cal.App.2d 75, 78 [34 Cal.Rptr. 796]; *People* v. *Porter,* 196 Cal.App.2d 684, 686 [16 Cal.Rptr. 886].) The reasonableness of an officer's action depends upon the facts and circumstances of the particular case. (*People* v. *Alcala,* 204 Cal.App. 2d 15, 20 [22 Cal.Rptr. 31]; cf. *People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577]; *People* v. *Schader,* 62 Cal.2d 716, 726 [44 Cal.Rptr. 193, 401 P.2d 665].) A mere hunch, without more, that a person may be involved in criminal activity is, of course, insufficient. (*People* v. *One 1960 Cadillac Coupe, supra.*)

In the circumstances here presented, it is our opinion that the officers were justified in stopping defendant for routine questioning and investigation. There is no suggestion that the officers intended to arrest defendant or conduct a search of his person or vehicle. Officer Willis' knowledge of defendant's background involving narcotics, his prior conviction for the sale of heroin, and his probationary status are significant factors in determining whether the officers acted reasonably. (*People* v. *Currier,* 232 Cal.App.2d 103, 106-107

[42 Cal.Rptr. 562]; *People* v. *Brooks,* 234 Cal.App.2d 662 [44 Cal.Rptr. 661]; *People* v. *Alcala, supra,* 204 Cal.App.2d 15; *People* v. *McMurray,* 171 Cal.2d 178 [340 P.2d 335]; *People* v. *Poole,* 174 Cal.App.2d 57 [344 P.2d 30].) ▮ Although the terms and conditions of the probation order are not disclosed by the record, it is an implicit condition of every such order that the probationer refrain from engaging in any criminal activity or becoming ''abandoned to improper associates or a vicious life''. (Pen. Code, § 1203.2; *People* v. *Cortez,* 199 Cal. App.2d 839, 844 [19 Cal.Rptr. 50].) ▮ The activities of a probationer are thus subject to more careful official scrutiny than those of other citizens. ▮ When the facts in the knowledge of the officers are coupled with their observation of defendant leaving an area in which a suspected narcotics peddler's home was located—a home which it was their mission to maintain under surveillance—it cannot be said that they acted unreasonably in stopping defendant for questioning. Clearly the officers were not acting on mere whim or caprice; there was a reasonable basis for the exercise of their judgment.

The white package and contents were, therefore, properly received in evidence. ▮ If in response to a reasonable official inquiry, a suspect voluntarily reveals incriminating evidence, he may not later complain that he acted on an implied threat of unlawful conduct of the officers. (*People* v. *Williams,* 220 Cal.App.2d 108, 112 [33 Cal.Rptr. 765]; *People* v. *Michael,* 45 Cal.2d 751 [290 P.2d 852]; *People* v. *Cowman,* 223 Cal.App.2d 109 [35 Cal.Rptr. 528]; *People* v. *Currier, supra,* 232 Cal.App.2d 103, 106; *People* v. *Walker,* 203 Cal. App.2d 552 [21 Cal.Rptr. 692]; *People* v. *Robles,* 183 Cal.App. 2d 212 [6 Cal.Rptr. 748]; *People* v. *Piedra,* 183 Cal.App.2d 760 [7 Cal.Rptr. 152]; *People* v. *Tabb,* 228 Cal.App.2d 750 [39 Cal.Rptr. 675].) ▮ Picking up what is in plain view and voluntarily discarded by defendant is not a search. (*People* v. *Williams, supra,* at p. 114; *People* v. *Quinn,* 194 Cal.App.2d 172 [14 Cal.Rptr. 814]; *People* v. *Tabb, supra.*)

*Badillo* v. *Superior Court,* 46 Cal.2d 269 [294 P.2d 23] and *Gascon* v. *Superior Court,* 169 Cal.App.2d 356 [337 P.2d 201], are clearly distinguishable. *Badillo, supra,* involved an illegal entry into a home. In *Gascon, supra,* as the defendant was walking to his car from a liquor store, officers stopped and questioned him and upon their threat to search him, he fled and tossed away incriminating evidence. In this case there was no threat to search. *Hood* v. *Superior Court, supra,* 220 Cal.

App.2d 242, is also distinguishable in that it does not appear that the officers knew the identity of the individuals who entered the vehicle which was later followed, stopped and searched by the officers.

Appellant complains that the white package was received in evidence without proper foundation because its content was not identified in open court prior to its introduction. He therefore complains that it was prejudicial error to refer to the package as one containing marijuana. The error, if any, was clearly nonprejudicial. The package was properly identified as the one picked up by Detective Richenberger and delivered sealed to the crime laboratory chemist, a qualified expert in the identification of narcotics, who testified that the package contained marijuana. (*People* v. *Marich*, 201 Cal. App.2d 462, 465 [19 Cal.Rptr. 909].) The introduction of the package itself was neither essential to establish defendant's guilt nor necessary to assure a fair trial. (*People* v. *Cisneras*, 214 Cal.App.2d 62 [29 Cal.Rptr. 146] ; *People* v. *Munoz*, 198 Cal.App.2d 649 [18 Cal.Rptr. 82] ; *People* v. *Marich, supra.*)

Defendant contends that the superior court had no jurisdiction because he was committed by the magistrate without probable cause. Since no transcript of the preliminary examination has been made a part of the record on appeal, the question as to whether the evidence at the preliminary examination disclosed facts sufficient to constitute probable cause is not reviewable on this appeal from a judgment of conviction. (*People* v. *Jones*, 228 Cal.App.2d 74, 90 [39 Cal.Rptr. 302] ; *People* v. *Scott*, 24 Cal.2d 774, 776-777 [151 P.2d 517].) Defendant relies upon his summary of the testimony given at the preliminary examination as recounted in his affidavit in support of a motion under section 995 of the Penal Code. Even assuming the affidavit to be a fair summary of the testimony given at the preliminary examination, there was clearly probable cause for binding the defendant over to the superior court.

Judgment affirmed.

McCabe, P. J., and Kerrigan, J., concurred.

A petition for a hearing by the Supreme Court was denied August 8, 1966.