[Civ. No. 9450.    Fourth Dist., Div. Two.    Apr. 14, 1969.]

SHIRLEY MAXINE LANE, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

822

Charles E. Ward, Public Defender, and Robert J. Webb, Deputy Public Defender, for Petitioner.

Lowell E. Lathrop, District Attorney, and David H. Armstrong, Deputy District Attorney, for Respondent.

No appearance for Real Party in Interest.

TAMURA, J.—Defendant was charged by information with possession of marijuana. Her motion to dismiss the information pursuant to section 995 of the Penal Code was denied, she entered a not guilty plea, and a trial date was fixed. Prior to trial she made a special motion under section 1538.5 of the

Penal Code to suppress as evidence certain articles taken from her handbag. The motion was denied and by the present petition for writ of prohibition she seeks a review of the order denying the motion to suppress.

The evidence adduced at the motion to suppress hearing may be summarized as follows:

About 1:15 a.m. on April 26 an unidentified informant told Officer Hinton of the Barstow Police Department that he (the informant) had been with defendant and one Charlene Cross earlier that evening and "that he knew that [they] . . . had in their presence at this time either marijuana or bennies." Officer Hinton knew Charlene Cross and had seen defendant on several previous occasions.

Officer Hinton discussed the matter with a detective on the police force and a deputy district attorney. They advised him that the only way that he would be able to "check this subject" was through a "consent search." Thereafter, Officer Hinton and a fellow officer, both of whom were in uniform, checked several bars until they found defendant and Charlene Cross. Officer Hinton requested both girls to step outside and they complied. Officer Hinton asked defendant whether her name was Shirley Lane and upon receiving an affirmative reply, asked permission to "look in her purse." She answered, "No," asked "Do you have a search warrant?" and said "You have to have one to look in my purse." He replied, "Yes, that's correct. I do have to have one." Officer Hinton again asked permission to look in her purse. At this point defendant said, "Yes," handed her handbag to the officer and at the same time turned to her companion and said, "Call my mother and tell her I am in jail." Officer Hinton searched the purse and found what he determined to be marijuana.

Defendant's testimony concerning the search was substantially the same as that of Officer Hinton except that she testified that the officer made two or three requests for permission to search before she said, "Yes," and that prior to her consent she overheard a comment made by one of the officers to the other to the effect that "[I]f they didn't search now, they would search it later." She testified that she ultimately gave the purse to the officer because "In all due respect to the law, I thought I had to."

The prosecution conceded that the officer did not have a search warrant, an arrest warrant, or probable cause to arrest.

The search was sought to be justified solely on voluntary consent.

Defendant urges that the search was invalid because (1) the officer had no right to detain her for questioning and (2) the consent to search was given in submission to an assertion of authority.

Circumstances short of probable cause to arrest may justify an officer's action in stopping and temporarily detaining a motorist or pedestrian for questioning. However, there must be some suspicious or unusual circumstances to authorize even this limited invasion of a citizen's privacy. (*People* v. *One 1960 Cadillac Coupe,* 62 Cal.2d 92, 95-96 [41 Cal.Rptr. 290, 396 P.2d 706]; *People* v. *Henze,* 253 Cal.App.2d 986, 988 [61 Cal.Rptr. 545]; *People* v. *Perez,* 243 Cal.App.2d 528, 531 [52 Cal.Rptr. 514].) The test is whether the circumstances are such as to indicate to a reasonable man in a like position that such a course is necessary to the proper discharge of the officer's duties. (*People* v. *One 1960 Cadillac, supra; People* v. *Stephenson,* 268 Cal.App.2d 908, 910 [74 Cal.Rptr. 504]; *People* v. *Perez, supra.*) However, to justify temporary detention the information upon which the officer relied need not be of the quality required for probable cause to arrest; it need not be established that the source was of proven reliability. (*People* v. *Stephenson, supra,* 268 Cal. App.2d 908, 911-912. In the present case the officer acted on a tip from an informant who stated that he had been with the defendant earlier in the evening and that he knew that she had marijuana or "bennies" on her person. It cannot be said that the officer acted unreasonably in seeking to question defendant and her companion.

Turning to the issue of consent, it is settled that once it is established that the search was made without a warrant, the burden is on the prosecution to show proper justification. (*People* v. *Marshall,* 69 Cal.2d 51, 56 [69 Cal.Rptr. 585, 442 P.2d 665]; *People* v. *Henry,* 65 Cal.2d 842, 845 [56 Cal. Rptr. 485, 423 P.2d 557]; *People* v. *Haven,* 59 Cal.2d 713, 717 [31 Cal.Rptr. 47, 381 P.2d 927].) Where the prosecution relies upon consent to justify the lawfulness of the search, it has the "burden of proving that the consent was, in fact, freely and voluntarily given." (*Bumper* v. *North Carolina,* 391 U.S. 543, 548 [20 L.Ed.2d 797, 802, 88 S.Ct. 1788, 1792].) The burden has been characterized as a heavy one (*Parrish* v. *Civil Service Com.,* 66 Cal.2d 260, 270 [57 Cal. Rptr. 623, 425 P.2d 223]) placing upon the prosecution the

burden of presenting "substantial evidence of consent to the search" (*Castaneda* v. *Superior Court*, 59 Cal.2d 439, 444 [30 Cal.Rptr. 1, 380 P.2d 641]). " 'The Government must show a consent that is "unequivocal and specific" [citation], "freely and intelligently given." [Citation.] Thus "invitations" to enter one's house, extended to armed officers of the law who demand entrance, are usually to be considered as invitations secured by force. [Citation.] A like view has been taken where an officer displays his badge and declares that he has come to make a search [citation], even where the householder replies "All Right." [Citation.] . . . Intimidation and duress are almost necessarily implicit in such situations; if the Government alleges their absence, it has the burden of convincing the court that they are in fact absent.' " (*Parrish* v. *Civil Service Com., supra,* 66 Cal.2d 260, 269; *Judd* v. *United States* (1951) 190 F.2d 649, 651 [89 App.D.C. 64].)

▮ "To protect his right to object to an unreasonable search or seizure a defendant need not forcibly resist an officer's assertion of authority to enter his home or search it or his person [citations], but if he freely consents to an entry or search, or voluntarily produces evidence against himself, his constitutional rights are not violated and any search or taking of evidence pursuant to his consent is not unreasonable. [Citations.] Whether in a particular case an apparent consent was in fact voluntarily given or was in submission to an express or implied assertion of authority, is a question of fact to be determined in the light of all the circumstances. . . ." (*People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852]; *Castaneda* v. *Superior Court, supra,* 69 Cal.2d 439, 442; *People* v. *Shelton,* 60 Cal.2d 740, 746 [36 Cal.Rptr. 433, 388 P.2d 665].)

▮ In the present case there can be no doubt that defendant's apparent consent was given in submission to an implied assertion of authority. She was requested to step outside and in the presence of two uniformed officers was asked permission to search her handbag. She refused, asked whether the officer had a search warrant, and stated that he had to have one to search. By so doing, she unequivocally conveyed to the officer her intention to rely upon her constitutional rights. Her subsequent compliance with the officer's request, with knowledge that she would "go to jail" if she complied, cannot be construed as a voluntary waiver of her rights. From all the facts and circumstances, it is abundantly clear that defendant's apparent consent was given, as she expressed it,

". . . because [she] thought [she] had to." ■ Where it is clear from all the facts and circumstances that a defendant in fact did not mean what he said, the consent will not be deemed to have been freely given. (*Parrish* v. *Civil Service Com., supra,* 66 Cal.2d 260; *People* v. *Shelton, supra,* 60 Cal. 2d 740; *People* v. *Carr,* 244 Cal.App.2d 99, 103 [52 Cal.Rptr. 813].)

■ Defendant has thus made out a case entitling her to an order suppressing the evidence. Although in seeking prohibition she has mistaken her remedy, we may treat the petition as one for mandate. (*Stapleton* v. *Superior Court,* 70 Cal.2d 97, 105 [73 Cal.Rptr. 575, 447 P.2d 967].)

Let a peremptory writ of mandate issue directing respondent court to suppress the evidence consisting of the articles found in defendant's hand bag by Officer Hinton.