[Civ. No. 9624.    Fourth Dist., Div. Two.    July 9, 1969.]

PERRY JOHN WILLIAMS, Petitioner, v. THE SUPERIOR
COURT OF RIVERSIDE COUNTY, Respondent; THE
PEOPLE, Real Party in Interest.

Robert A. McCarty, Deputy Public Defender, for Petitioner.

Byron C. Morton, District Attorney, and Ross I. Gallen, Deputy District Attorney, for Respondent and Real Party in Interest.

TAMURA, J.—Petitioner was charged with possession of marijuana (Health & Saf. Code, § 11530) and possession of dangerous drugs for sale (Health & Saf. Code, § 11911). Following a denial of a motion pursuant to section 1538.5 of the Penal Code to suppress as evidence certain contraband taken from his car, petitioner seeks a writ of mandate directing the superior court to order suppression of the evidence.

The motion to suppress was submitted on the transcript of the preliminary examination. The evidence adduced at that hearing may be summarized as follows:

At approximately 10 p.m. Officers Cox and Oden of the Vice and Narcotics Detail of the Riverside Police Department were driving along Magnolia Avenue in an unmarked police unit equipped with a spotlight and bearing "E" series plates. Both officers were in plainclothes. As the officers were crossing the intersection of Magnolia and Terracina Drive, the light having just turned green, a Volkswagen with two persons in the front and one in the back seat approached from the rear and to the right of the officers. As the Volkswagen pulled even with the officers, the occupants looked over towards them and the passenger in the rear ducked out of view. The Volkswagen then slowed down rapidly and dropped back of the officers. The officers pulled over to the right lane in front of the Volkswagen and slowed down. The Volkswagen remained behind the police unit for approximately five blocks and did not pass until the officers reduced their speed to 20 miles per hour. The posted speed in the area was 35 miles per hour. The officers followed the Volkswagen until it pulled into a parking lot at which point the officers flashed their spotlight on it and the vehicle stopped in a parking stall.

The officers approached the Volkswagen and noted that the person in the back seat appeared to be under the influence of alcohol or drugs. The officers requested the occupants to get out so they could check the person in the back. When all the

occupants got out of the vehicle, Officer Cox noticed a red capsule lying on the passenger side seat, in clear view, which in his opinion was a seconal pill. Defendant and his companions were all placed under arrest. A subsequent search of the Volkswagen revealed a quantity of marijuana and 68 seconal capsules.

When questioned as to his reasons for stopping the Volkswagen Officer Cox testified, ''For one, to see why the person was laying down in the rear seat and why they wouldn't pass us and we had slowed way down.'' He testified that the car (Volkswagen) had not been operated in any erratic manner or in violation of any traffic laws; that the subjects did not appear to be breaking any law; that the street in question was not in an area known to be frequented by narcotics offenders or as having a high crime rate.

Defendant's sole contention is that the police did not have probable cause to stop his vehicle and, therefore, all evidence subsequently obtained is inadmissible.

■ The right of an individual on the street to personal security and freedom from unreasonable governmental intrusion is a Fourth Amendment right. (*Terry* v. *Ohio*, 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868].) Thus, although circumstances short of probable cause to arrest may justify an officer's act in stopping and temporarily detaining a motorist or pedestrian for questioning, there must be some suspicious or unusual circumstance to justify even this limited invasion of a citizen's privacy. (*People* v. *One 1960 Cadillac Coupe*, 62 Cal.2d 92, 96 [41 Cal.Rptr. 290, 396 P.2d 706]; *People* v. *Henze*, 253 Cal.App.2d 986, 988 [61 Cal.Rptr. 545]; *People* v. *Perez*, 243 Cal.App.2d 528, 531 [52 Cal.Rptr. 514].) ■ Generally, the test is whether the circumstances are such as to indicate to a reasonable man in a like position that such a course is necessary to the proper discharge of the officer's duties. (*People* v. *One 1960 Cadillac Coupe, supra*; *People* v. *Stephenson*, 268 Cal.App.2d 908, 910-911 [74 Cal.Rptr. 504]; *People* v. *Perez, supra; Lane* v. *Superior Court*, 271 Cal.App.2d 821, 824 [76 Cal.Rptr. 895].) More specifically, the officer must be able to point to ''specific and articulated facts which, taken together with rational inferences from the facts, reasonably warrant that intrusion.'' (*Terry* v. *Ohio, supra*, p. 1880 [20 L.Ed.2d p. 906].) A mere hunch or subjective suspicion will not justify a temporary detention. (*Terry* v. *Ohio, supra*; *People* v. *Perez, supra*; *People* v. *Hunt*, 250 Cal.App.2d 311, 314-315 [58 Cal.Rptr. 385].) And unusual

activity alone, unless there is some suggestion that it is related to criminality, is insufficient. (See *People* v. *Henze, supra,* 253 Cal.App.2d 986, 988; *People* v. *Manis,* 268 Cal. App.2d 653, 659 [74 Cal.Rptr. 423].)

█ ꞌIn applying the foregoing principles to the present case we cannot say that the officers acted unreasonably in detaining defendant. The observed acts and rational inferences which could be drawn therefrom presented sufficient justification for the officer to stop defendant for investigation. From the facts observed by the officers, it could be reasonably inferred that the occupants of the Volkswagen recognized the officers' vehicle to be a police unit and thereafter sought to avoid it. Had the police unit been a marked patrol car, no great significance could be attached to the reluctance to pass it. However, it may be reasonably inferred that defendant's reluctance to pass the unmarked unit stemmed from reasons other than a desire to avoid a possible traffic citation. A person's attempt to avoid being observed by the police at night provides sufficient justification for investigation. (*People* v. *Cruppi,* 265 Cal.App.2d 9 [71 Cal.Rptr. 42] [hearing denied].) The unusually slow speed of a vehicle may be a factor in determining the reasonableness of the temporary detention for investigation. (*People* v. *Anguiano,* 198 Cal.App.2d 426 [18 Cal.Rptr. 132]; *People* v. *Gibson,* 220 Cal.App.2d 15, 20 [33 Cal.Rptr. 775]; see *Wilson* v. *Porter,* 361 F.2d 412.) While the mere impression of officers that a suspect appears to be "nervous" is insufficient to justify detention (*People* v. *One 1960 Cadillac Coupe, supra,* 62 Cal.2d 92; *People* v. *Moore,* 69 Cal.2d 674 [72 Cal.Rptr. 800, 446 P.2d 800]), in the present case there were overt acts of attempts to avoid observance by the police.

The alternative writ of mandate is discharged and petition is denied.

McCabe, P. J., and Gardner, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.