[Crim. No. 747. Fifth Dist. Jan. 29, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH DON HORTON, Defendant and Appellant.

## COUNSEL

James Barakatt, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Charles P. Just and Carol Hunter, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**GARGANO, Acting P. J.**—Appellant was convicted of possession of marijuana in violation of Health and Safety Code section 11530. The marijuana was found in appellant's automobile after he consented to a search of the vehicle. Appellant presents two main points for reversal: that the officer who stopped the vehicle did not have probable cause to do so or to detain appellant, that a search made pursuant to consent immediately following an illegal detention is invalid.

The facts are undisputed. Appellant, a 20-year-old youth, was stopped by Officer Winfrey while driving an automobile on McHenry Avenue in Modesto at about 1:15 in the morning. There were two passengers in the car, appellant's 15-year-old brother and his 10-year-old cousin. As Officer Winfrey approached the automobile, he noticed that there was no key in the ignition. The officer mentioned this fact to appellant and was told that appellant had lost the key about two weeks earlier and that he had to "hot wire" the vehicle to start it. Winfrey asked appellant's permission to search the automobile and permission was granted; he found two burnt cigarettes in the glove compartment. Officer Winfrey then asked to see the vehicle registration slip, and when he discovered that the car was registered to a Lillian Lackus in Rosemead, California, placed appellant under arrest. Appellant was searched, and a rolled cigarette was found in his shirt pocket. All three cigarettes contained marijuana.

It is of course true, as respondent maintains, that the provocation required to permit a police officer to temporarily detain a person for questioning is not the same as that required for a valid arrest or a lawful search (*People* v. *Mickelson,* 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658]). Nevertheless, the right of a police officer to stop a motorist or detain a pedestrian for questioning is not without constitutional restriction. The applicable rules were succinctly summarized by Mr. Justice Tamura in *Williams* v. *Superior Court,* 274 Cal.App.2d 709, 711-712 [79 Cal.Rptr. 489], as follows: "Thus, although circumstances short of probable cause to arrest may justify an officer's act in stopping and temporarily detaining a motorist or pedestrian for questioning, there must be some suspicious or unusual circumstance to justify even this limited invasion of a citizen's privacy. (*People* v. *One 1960 Cadillac Coupe,* 62 Cal.2d 92, 96 [41 Cal. Rptr. 290, 396 P.2d 706]; *People* v. *Henze,* 253 Cal.App.2d 986, 988 [61 Cal.Rptr. 545]; *People* v. *Perez,* 243 Cal.App.2d 528, 531 [52 Cal. Rptr. 514].) Generally, the test is whether the circumstances are such as to indicate to a reasonable man in a like position that such a course is necessary to the proper discharge of the officer's duties. (*People* v. *One 1960 Cadillac Coupe, supra; People* v. *Stephenson,* 268 Cal.App.2d 908, 910-

911 [74 Cal.Rptr. 504]; *People* v. *Perez, supra; Lane* v. *Superior Court,* 271 Cal.App.2d 821, 824 [76 Cal.Rptr. 895].) More specifically, the officer must be able to point to 'specific and articulated facts which, taken together with rational inferences from the facts, reasonably warrant that intrusion.' (*Terry* v. *Ohio, supra,* p. 1880 [20 L.Ed.2d p. 906].) A mere hunch or subjective suspicion will not justify a temporary detention. (*Terry* v. *Ohio, supra; People* v. *Perez, supra; People* v. *Hunt,* 250 Cal.App.2d 311, 314-315 [58 Cal.Rptr. 385].) And unusual activity alone, unless there is some suggestion that it is related to criminality, is insufficient. (See *People* v. *Henze, supra,* 253 Cal.App.2d 986, 988; *People* v. *Manis,* 268 Cal.App.2d 653, 659 [74 Cal.Aptr. 423].)"

█ Applying these principles to the instant case, we are impelled to conclude that Officer Winfrey did not have legal cause to stop appellant's automobile. Appellant was driving within the legal speed limits, not erratically, and there were no visible operational defects on the vehicle. Furthermore, although the officer observed two young passengers in the vehicle, he saw no furtive or suspicious movements and he had no information that the youths were being kidnaped, detained or molested in any manner. In fact, the only reason given by Winfrey for stopping appellant was that appellant was driving a vehicle along the streets of Modesto at 1:15 in the morning with two young passengers and that he did not look old enough to be their parent or guardian. Clearly, even if we should assume that what the officer observed constituted unusual activity, and it is difficult to make such an assumption in this modern age, the activity alone did not suggest that it was related to criminality.

The Attorney General argues that Officer Winfrey had reasonable cause to stop appellant's vehicle on suspicion that appellant was aiding and abetting his two young passengers to loiter in violation of the municipal ordinance of the City of Modesto.[1] █ However, driving along city streets, even at 1:15 in the morning, is not "loitering." (*In re Cregler,* 56 Cal.2d 308, 312 [14 Cal.Rptr. 289, 363 P.2d 305]; *In re Hoffman,* 67 Cal.2d 845, 853 [64 Cal.Rptr. 97, 434 P.2d 353].) For all that Officer Winfrey knew, appellant could have been driving his two young passengers home from a theater or other authorized place of amusement.

We are not insensitive to the numerous problems which face police officers on patrol in a mechanized nation. As we stated in *Bramlette* v. *Superior Court,* 273 Cal.App.2d 799, 804 [78 Cal.Rptr. 532], "[t]he use

[1]Section 4-7 p. 201 of the Modesto Municipal Code as discussed in the reporter's transcript provides: "It shall be unlawful for any minor under the age of 18 years to loiter on a public street or in or about any public place in the City between the hours of 11 o'clock P.M. and 5 o'clock A.M. . . . unless accompanied by a parent, guardian, or other adult person having legal control. . . ."

934

of the automobile in criminal activity has vastly increased the possibility of unlawful conduct, and the likelihood of escape by criminals from the scene of their crimes." Moreover, we are cognizant of the fact that the great majority of police officers assume the grave responsibility which our society has foisted upon them in a courageous and conscientious manner.

Nonetheless, the right of the citizen to drive on a public street with freedom from police interference, unless he is engaged in suspicious conduct associated in some manner with criminality, is a fundamental constitutional right which must be protected by the courts. Consequently, while we do not censure Officer Winfrey or question his motives, the fact remains that he stopped appellant's vehicle solely because it was occupied by young people. Were we to condone the stopping of vehicles for this reason alone, no matter how altruistic the officer's motive might be, we would lend our approval to the creation of a second class citizenry; we would also contribute to an already deteriorating relationship between the youth of America and law enforcement officials; in a free nation this relationship must be based on mutual confidence and respect.

Having decided that Officer Winfrey did not have probable cause to stop appellant's vehicle in the first instance, it follows that the subsequent search was unlawful, even though consented to by appellant, and that all evidence adduced therefrom was the product of an unlawful search. As our Supreme Court said in *People* v. *Haven,* 59 Cal.2d 713, 718, 719 [31 Cal.Rptr. 47, 381, P.2d 927]: "A search or seizure made pursuant to a valid consent before any illegal police conduct occurs is obviously not a product of illegal conduct. A search and seizure made pursuant to consent secured immediately following an illegal entry or arrest, however, is inextricably bound up with the illegal conduct and cannot be segregated therefrom." The case of *People* v. *Franklin,* 261 Cal.App.2d 703 [68 Cal. Rptr. 231], is squarely in point. There, as here, the officer stopped the defendant's vehicle without probable cause, and afterward defendant consented to the search which ultimately uncovered marijuana. The court in reversing the conviction, at page 707 of the opinion, had this to say: "The stop having been illegal, the search, though by consent of the vehicle owner, does not breathe legality into the resultant find by the officers."

The judgment is reversed.

Ginsburg, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 26, 1971. Burke, J., was of the opinion that the petition should be granted.

*Assigned by the Chairman of the Judicial Council.