Opinion
MARSHALL, J.
Defendant's motion to suppress evidence pursuant to section 1538.5 of the Penal Code was granted; this appeal by the People ensued.
*Supp. 3 One James R. Hantze III testified that on August 3, 1973, his car was struck in the rear by a brownish or gold Pontiac, license number 523 GAA. The driver of the Pontiac then backed up and drove away. Hantze declared that he reported the collision and described the Pontiac to the police.
Nearly two months later, on September 26, 1973, while eastbound on Hollywood Boulevard, Hantze saw a white Pontiac, license number 523 GAA, ahead of him. Next to Hantze and behind the suspect car was a police patrol vehicle. He asked the officer-driver whether the license number of the Pontiac was 523 GAA and when the officer answered affirmatively, Hantze told him that the Pontiac had been involved in a hit and run accident about a month before. He did not remember whether he mentioned that he was the victim of the accident.
Hantze returned to the witness stand on two later occasions. The second time he stated that he did not have time to tell the officer that his car was involved; the third time he was sure that he did so inform them.
The police pursued the Pontiac and pulled it over. While one officer talked with the driver, the defendant, the other spoke to Hantze who called the officer’s attention to a crack in the plastic on the front of the Pontiac.
The defendant, the driver of the Pontiac, was detained for approximately 10 minutes, during which time Hantze saw that the body of the car was white and its hood painted a brownish-gold.
Lee G. Pearson testified that on August 3, 1973, he saw a white car hit a Volkswagen (Hantze’s car was a Volkswagen) and then .back up and drive away. He remembered the license number as 522 GAA, 523 GAA, 532 GAA or 533 GAA. He declared that he told Hantze that it was either 523 or 533 GAA. Pearson attended a “photo show-up” and identified defendant as the driver. The defendant moved to suppress his identification during the photo show-up and all evidence leading up to it on the ground of lack of probable cause for his temporary detention. The motion was granted.
The order granting the motion is in error. The courts of California have consistently held that circumstances short of probable cause to arrest may justify the stopping of a vehicle by an officer for *Supp. 4 questioning. (People v. Mickelson (1963) 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658].) The information upon which an officer may rely in detaining “need not be of the quality required for probable cause to arrest; it need not be established that the source was of proven reliability.” (Lane v. Superior Court (1969) 271 Cal.App.2d 821, 824 [76 Cal.Rptr. 895].)
While Hantze was not a “source of proven reliability,” he certainly would reasonably appear to. be more than a mere informer. He was a citizen who was attempting to tell an officer about a criminal activity which he must have either seen or of which he must have been the victim. Such information concerning a' person who was driving away is surely a sufficient basis for an officer, faced with the need to act immediately, or not at all, to halt the car and inquire of the accused person. Information that a person in a car of a certain color, make and model was selling drugs has been determined to be sufficient cause to stop and question a driver even though such information came from an anonymous source. (People v. Koehn (1972) 25 Cal.App.3d 799, 802 [102 Cal.Rptr. 102].) The source of the information upon which the officers acted in this case was surely superior to that considered sufficient in Koehn for stopping and questioning.
Also, the record does not show that there was any causal relationship between the detention of defendant by the officers and his later identification by Pearson.
The respondent’s only contention in support of the trial judge’s order is that the court must have disbelieved the testimony of the People’s witnesses. Respondent relies on the following quotation to bolster his argument: “On appeal all presumptions favor proper exercise of that power, and the trial court’s findings—whether express or implied—must be upheld if supported by substantial evidence” (People v. Superior Court (Keithley) (1975) 13 Cal.3d 406, 410 [118 Cal.Rptr. 617, 530 P.2d 585]).
We do not read Keithley to require an appellate court to infer a negative finding that the court disbelieved the prosecution’s witnesses where no “substantial evidence” was presented by the respondent which contradicted or impeached such testimony.
*Supp. 5 Furthermore, as we find no evidence that the issue of credibility was either raised or argued at time of trial, we may not consider such issue for the first time on appeal. (People v. Superior Court (Simon) (1972) 7 Cal.3d 186, 198 [101 Cal.Rptr. 837, 496 P.2d 1205]; People v. Manning (1973) 33 Cal.App.3d 586 [109 Cal.Rptr. 531].)
The order granting defendant’s motion to suppress evidence under Penal Code section 1538.5 is reversed.
Holmes, P. J., and Alarcon, J., concurred.