[Crim. No. 3059.    Third Dist.    June 30, 1960.]

THE PEOPLE, Respondent, v. WALTER JOHN EYCHAS,
Appellant.

Melvyn J. CoBen and John F. Ingro for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Nat A. Agliano, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—Walter John Eychas was charged by information with the crime of burglary, it being alleged that he did wilfully enter a garage building with intent to commit theft. He was also charged with two prior felony convictions. Upon being arraigned he admitted the prior convictions and pleaded not guilty to the offense charged. He was found guilty by a jury, his motion for a new trial was denied, and judgment was pronounced. He has appealed from the judgment and from the order denying his motion for a new trial.

Before discussing appellant's contentions of error, we shall summarize the evidence as shown by the record.

Thomas B. Lahey an officer of the Police Department of the City of Anderson, located in Shasta County, began his tour of duty at 12 midnight on June 22, 1959. About 2 a. m. he observed an automobile, later identified as one belonging to Eychas, parked on Sharon Avenue about five feet from the curb. Officer Lahey made a note of the license number. He again observed the vehicle in the same spot about 2:30 a. m. and at 3 a. m. About 3:30 a. m., after Officer Lahey had been home for "lunch" and while on patrol, he noticed a red reflection ahead of his car on Stingy Lane. He soon ascertained that it was an automobile traveling without its lights turned on. Officer Lahey turned on the red light of the patrol car and gave chase to the vehicle. He operated the siren intermittently but not too loudly. The car he was pursuing was traveling about 40 or 45 miles an hour. When the automobile being driven by appellant came to the intersection of Stingy Lane and North Street the brake lights flashed briefly but the vehicle was not brought to a complete stop at the stop sign. Appellant turned right on North Street and the vehicle finally came to a stop after he crossed a bridge. Officer Lahey stopped his car some 5 or 6 feet behind appellant's car. He got out of the patrol car and walked up to appellant's car and asked

appellant what he was doing driving on Stingy Lane without lights. Appellant answered that he had been having trouble with the lights. The officer then asked appellant if he had stopped in his car in Anderson that night. During this period the officer flashed a light in the car and saw some packages. After appellant answered that he had not stopped in Anderson, the officer checked the note in his car and ascertained that the license number of appellant's car was the same as that of the vehicle he had seen on Sharon Avenue. The officer again asked appellant if he had stopped in Anderson, and again the appellant answered no. Officer Lahey then flashed his light in the interior of appellant's car and noticed packages of frozen food on the floor by the front seat. The officer had appellant get out of the car, and he asked appellant where he had obtained the food and appellant replied Red Bluff. The officer examined the car and thereafter contacted headquarters for aid. Sergeant Childress of the Anderson Police Department responded and appellant was again questioned. The packages of food were examined, and appellant was then taken to the police station. Among the items found in the car were: four frozen pies; three packets of chicken; a young hen; four blue boxes containing frozen vegetables; a piece of meat and two parcels of meat; two cans of juice; and a Christmas tree stand.

Later in the morning the police investigated the area where Officer Lahey had seen appellant's car parked and ascertained that the garage of a residence belonging to Clark W. Wolf, Jr., had been entered and the articles listed above taken. Identification of some of the articles was aided because of distinctive wrappings and markings on the articles.

Appellant claimed that he had purchased most of the articles found in his car from a man and woman whom he had met outside of a bar in Redding. He contended that he had had the Christmas tree stand for years. He explained that he was driving through Anderson because he was on his way home after concluding the transaction. He denied stopping in Anderson. He claimed that the lights of his car were off because of a defective switch.

On June 24, 1959, the assistant district attorney entered appellant's home, examined the premises and took several photographs of the interior. The district attorney did not have a search warrant at the time.

Appellant does not challenge the sufficiency of the proof to sustain the conviction if the evidence obtained from his car was properly received at the trial. Appellant does however

contend that the articles which were found were the result of an illegal search and therefore should have been excluded.

As stated in *People* v. *Martin,* 45 Cal.2d 755, at page 762 [290 P.2d 855] : "Since looking through a window does not constitute an unreasonable search [citing cases], the offi-cers were entitled to act upon what they saw and arrest defendant."

" 'The real criterion as to the reasonableness of a search is whether or not there has been the commission of a public offense in the presence of a police officer, or whether, under the facts, the police officer has reasonable grounds to believe that the defendant may have committed a felony.' " *(People* v. *Sanson,* 156 Cal.App.2d 250, 252 [319 P.2d 422].)

In the course of checking the driver's license of appellant Officer Lahey saw packages of food in the car. This, as hereinbefore stated, was not a search. He asked appellant if he had stopped in Anderson. The officer then checked the note in his car and ascertained that the license number of the car was the same as that he had observed on Sharon Avenue earlier. He again asked appellant if he had stopped in Anderson and again received a negative answer. He then reached into the car and observed frost on the food packages. We think that the articles were properly received in evidence and that the evidence was not the result of an unlawful search and seizure. Officer Lahey knew that the car had been parked in Anderson in a residential area for a period longer than one hour in the early morning hours. Appellant's denial of this fact was suspicious. The presence of packages of frozen food, with frost on them, lying loose in the car was another suspicious circumstance, for normally one would expect food packages which had been purchased at a market to be in a paper bag. The fact that appellant had driven without lights, added to the other circumstances, became a third suspicious circumstance which made it reasonable for the officer to entertain an honest and strong suspicion that defendant was guilty of burglary. Frozen foods are ordinarily kept in a freezer which is generally kept inside a home. At this point an arrest was justified and the search of the interior of the car was justified as incidental to the arrest. Each case involving a search and seizure must be decided on its own facts. In the instant case the officer had reasonable grounds to conduct the search, and the evidence was not illegally obtained. The trial court did not commit error in permitting the evidence to be introduced in evidence.

Appellant also contends that it was improper not to exclude from the evidence certain photographs taken by the assistant district attorney. The record does not disclose that any objection was made to their admission at the time they were introduced in evidence. ". . . Failure to object to the introduction of the evidence at the trial on the ground that it was acquired by an unlawful search precludes raising the issue on appeal where, as here, the trial occurred after the decision in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]." (*People* v. *Hyde,* 51 Cal.2d 152, 157 [331 P.2d 42].)

No other points require discussion.

The judgment and order are affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied July 26, 1960, and appellant's petition for a hearing by the Supreme Court was denied August 24, 1960.