[Crim. No. 7953.    Second Dist., Div. One.    Nov. 5, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LUTHER JAMES DAVIS, Defendant and Appellant.

Virgil V. Becker, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David M. Rothman, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—Defendant was accused of unlawfully possessing marijuana. The information also alleged that he had been convicted previously of violating section 11500 of the Health and Safety Code, a felony. In a nonjury trial he was adjudged guilty, and the allegation of prior conviction was found to be true. He appeals from the judgment.

Appellant contends that there was no reasonable cause for the arrest.

On April 22, 1961, about 12:30 a.m., Officer Pacheco saw defendant in the left rear seat of a 1951 Plymouth two-door "blue over gray" automobile which was traveling west on 120th Street near Avalon Boulevard in Los Angeles. There were three other male Negroes in the automobile. This officer and his partner (another police officer) were looking for a 1950 or 1953 dark Plymouth automobile which had been used, by three male Negroes, in a purse-snatching within the previous week or two. The snatching had occurred at a place which was approximately 10 blocks from the place where the officers observed defendant on April 22. The partner-officer had given to Officer Pacheco information, such as above related, regarding the purse-snatching, and he also said that the Plymouth automobile which they were then observing might well be the one used in the snatching and that they should check it out. Then (on April 22) the officers pursued

the 1951 Plymouth and, after ordering the driver to stop, the Plymouth was stopped on East 120th Street. Officer Pacheco went to the driver's side of the automobile and requested the occupants to get out. At that time he observed the defendant Davis in the left rear seat in a hunched over position. After the four occupants were out of the automobile, the other officer searched them for weapons. Then Officer Pacheco, while standing by the window outside the automobile, flashed a light inside the automobile for the purpose of looking for the black leather purse which had been snatched. While so looking into the automobile he saw a cigarette on the left rear part of the floor, which cigarette, according to his testimony, appeared to be a marijuana cigarette. He (officer) marked the cigarette with his initials. The defendant was arrested. The officers did not have a search warrant or an arrest warrant.

It was established that the cigarette (exhibit 1) contained marijuana.

Dock Jordan, called as a witness by the People, testified that he was the owner and driver of the automobile; that defendant Davis was in the left rear seat of the automobile; before the automobile was stopped the defendant said that the police were behind them and that he had "a joint"; when the automobile was coming to a stop, the defendant said, "I dropped it."

Officer Pacheco testified that the word "joint" is a slang term for a marijuana cigarette.

Willie Burgie, called as a witness by the People, testified that he was riding in the right front seat of the automobile; that just before the automobile was stopped, the defendant said that he had a joint and he dropped it.

Defendant testified that he had been riding in the automobile about two minutes; that he did not make a statement to the effect that a police car was coming or to the effect that he had a joint and had dropped it; that he did not have or drop a cigarette in the car.

Appellant argues to the effect that there was no evidence that, prior to the time the officers stopped Jordan's automobile, the driver or occupants of that automobile had violated the law; and that there was no reasonable cause for stopping or searching the automobile or for arresting the defendant. The officers had information to the effect that a theft, namely, purse-snatching, had been committed in that same area

within the preceding two weeks by three male Negroes who were using a 1950 or 1953 dark Plymouth automobile. On the occasion involved here, while the officers were in the same area about midnight looking for that automobile, they saw this blue and gray 1951 Plymouth in which there were four male Negroes. Under the circumstances herein, the officers were justified in stopping the automobile. ■ " '[A] police officer may question a person outdoors at night when the circumstances are such as would indicate to a reasonable man in like position that such a course is necessary to the discharge of his duties.' " (*People* v. *Porter,* 196 Cal.App.2d 684, 686 [16 Cal.Rptr. 886]. See also cases there cited.) ■ The stopping of an automobile for investigation purposes is not an arrest. (See *Busby* v. *United States,* 296 F.2d 328, 331-332; and *Frye* v. *United States,* 315 F.2d 491.) ■ In the present case while the officer was outside the automobile investigating the purse-theft by looking into the automobile through the window, with the aid of a flashlight, he saw a cigarette on the floor, which cigarette appeared to be a marijuana cigarette. As of that time, there had been no arrest or search. Observing the cigarette under such circumstances was not a search. (See *People* v. *Davis,* 188 Cal.App. 2d 718, 723 [10 Cal.Rptr. 610].) ■ When the officer observed the cigarette he had reasonable cause for search and seizure. (See *People* v. *Porter, supra,* 196 Cal.App.2d 684, 686 [16 Cal.Rptr. 886].)

The search, seizure, and arrest were lawful. The evidence was sufficient to support the judgment.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.