**William Eugene PORTER, Petitioner,**

v.

**Lawrence E. WILSON, Respondent.**

**No. 42788.**

United States District Court
N. D. California, S. D.

Aug. 6, 1965.

Dean L. Bender, San Francisco, Cal., for William Eugene Porter.

Thomas Lynch, Atty. Gen., of California, Albert W. Harris, Jr., and Michael J. Phelan, Asst. Attys. Gen., for Lawrence E. Wilson.

WEIGEL, District Judge.

On May 11, 1961, petitioner was convicted by a California court, sitting without a jury, for possession of a firearm by a felon and for possession of a

concealed weapon. He seeks a writ of habeas corpus here.

The substantial issue presented is as to the legality of the search and seizure which produced the evidence essential to conviction.[1]

The relevant facts are fully and well stated in People v. Porter, 196 Cal.App.2d 684, 16 Cal.Rptr. 886 (4th Dist., 1961) as follows (at page 685, 16 Cal.Rptr. at page 887):

"* * * At about 3:25 o'clock a. m. on August 16, 1960, officers Simpson and Richey of the Ontario Police Department, were on patrol in their police car on Holt Avenue in that city when they saw defendant drive by with one companion. The officers, about 25 minutes earlier, had seen defendant drive by on the same street alone. On this second occasion they followed a short distance and turned on the red light. The passenger immediately slid down in the seat as though placing something under the seat or on the floor. Defendant pulled up to the curb. The officers and defendant stepped out of the cars. The officers requested identification. The passenger could not get out due to curb obstruction. The car was moved for that reason. As the passenger opened the door the officer, from a position outside the car, directed his flashlight into the car and saw the barrel of a pistol protruding from under the seat. The officer reached in and retrieved it. It proved to be a 22-caliber pistol. Defendant then pleaded for the officers to give him a 'break,' saying he had borrowed the gun from a friend and had been

out target practicing with it. Defendant and the passenger were placed under arrest. At police headquarters they were searched. Defendant was carrying, concealed in his right rear pocket, a black-handled kitchen knife, sharpened on both sides to the point, thus forming a dagger. * * *"[2]

The facts are barren of any justification for the stopping of the car driven by the defendant. There is no need here to labor technical distinctions between arrest and detention; driving an automobile in the pre-dawn hours—that and nothing more—provides justification neither for arrest nor for detention. The constitutional prohibition against unreasonable searches and seizures makes no distinction between detention without cause and arrest without cause.

The California cases drawing a line between detention for inquiry or interrogation, on the one hand, and arrest, on the other, are of no avail to respondent. None justifies "detention" without cause. In the leading case, People v. Mickelson, 59 Cal.2d 448, 30 Cal. Rptr. 18, 380 P.2d 658 (1963), the detention was fully justified by the report of a robbery and the fact that the description of the driver of the detained car fit that of the robber as given the detaining officer. There are many other similar illustrations in the California cases. For example: In People v. King, 175 Cal.App.2d 386, 346 P.2d 235 (2nd Dist., 1959), a car, fitting the description given the detaining officer of an automobile supposedly used in a robbery, was stopped near the scene of the robbery; in People v. Schader, 62 A.C. 751,

1. Petitioner has moved for an evidentiary hearing before this Court. That motion is not well taken. Petitioner received a full and fair hearing in the state court, which has reliably found the relevant facts. See Townsend v. Sain, 372 U.S. 293 at 312-313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Moreover, since it appears from the record (upon which respondent, opposing the motion, stands) that peti-

tioner's application for a writ of habeas corpus should be granted, an evidentiary hearing would be a delaying and futile formality.

2. Examination of the trial court transcript of the proceedings wholly supports, without contradiction, this statement of the facts.

44 Cal.Rptr. 193, 401 P.2d 665 (1965), the stopped car fit the description given the detaining officers of an automobile involved in a robbery and a killing; in People v. Davis, 188 Cal.App.2d 718, 10 Cal.Rptr. 610 (2nd Dist., 1961), ·the car was stopped in a neighborhood notorious for narcotics violations after the detaining officers observed it being driven in an erratic pattern; in People v. Eychas, 182 Cal.App.2d 360, 6 Cal.Rptr. 110 (3rd Dist., 1960), the detaining officer· observed the car being driven without its lights on at night; in People v. Elsworth, 190 Cal.App.2d 844, 12 Cal.Rptr. 433 (4th Dist., 1961), the car had been parked in a "lover's lane" and took off at a high rate of acceleration when the patrol car approached; in People v. Lopez, 60 Cal.2d 223, 32 Cal.Rptr. 424, 384 P.2d 16 (1963), the automobile driven by the detained defendant was observed by the detaining officer to run through a red stop light.

■ The list of cases could be extended, making it plain that established California doctrine does not justify *detention* without cause even if the cause need not be as great as that required to justify *arrest*. And even if, *arguendo*, California sanctioned detention on an officer's whim, caprice or other arbitrary or random motivation, the federal constitution would not permit use of evidence obtained as a consequence.[3]

The basic teaching of Busby v. United States, 296 F.2d 328 (9th Cir., 1961), cert. den., 369 U.S. 876, 82 S.Ct. 1147, 8 L.Ed.2d 278 (1962), governing this Court, is not that anything goes in justifying detention short of arrest. On the contrary, it is made clear that there must be some reasonable justification for the detention. In Busby itself, the officer stopped the car at night after observing that the light over the license plate was out (in violation of California Vehicle Code Section 24601). Moreover, the detaining officer had received a call at his police station concerning "suspicious men in an automobile" which resulted in his going to the area where they were reported to be and in his pursuit of the automobile.

■ The record in the case at bar is, to repeat, completely barren of any justification for the original stopping of the car driven by petitioner. It was that which led to the evidence required for conviction. No subsequent event removed the taint. The writ, therefore, must be granted.[4]

It is hereby ordered, subject to the stay below specified, that William Eugene Porter, being illegally restrained of his liberty, be discharged from the custody of the State of California and from the custody of Lawrence E. Wilson, Warden of San Quentin Penitentiary, Tamal, California, and from the custody of any other officers, employees, or agents of the State of California, which custody is pursuant to the conviction and sentence entered against him in the Superior Court of the State of California in and for the County of San Bernardino, on May 11, 1961;

Provided that the effect of this Order is stayed to and including August 20, 1965, to allow the Attorney General of

---

3. See cases cited in footnote 4, post.

4. Other cases considered in reaching this result included: Linkletter v. Walker, 85 S.Ct. 1731 (1965); One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, 380 U.S. 693 at 702, n. 12, 85 S.Ct. 1207, 14 L.Ed.2d 116 (1965); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); Carroll v. United States, 267 U. S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Davis v. California, 341 F.2d 982 (9th Cir., 1965).

the State of California time in which to seek, if so minded, a further stay from the United States Court of Appeals.

The motion for an evidentiary hearing is denied.