[Crim. No. 16755. Second Dist., Div. Five. Feb. 25, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES LEO BRIGHT, Defendant and Appellant.

## COUNSEL

John R. Sheehan, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard W. Bakke, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, J.**—Defendant was charged by information with violation of Penal Code section 459 (burglary) in count I, and with violation of Penal Code section 496 (receiving stolen property) in count II. The information was amended to allege two prior convictions of Penal Code section 459. Defendant pleaded not guilty and denied the priors. His motion under Penal Code section 1538.5 was submitted on the transcript of the preliminary hearing plus additional testimony, and was denied. Defendant personally and all counsel waived jury trial, and the case was submitted on the transcript of the preliminary hearing, subject to all objections there raised, with each side reserving the right to offer additional evidence. Additional testimony was taken. The court found defendant not guilty of count I and guilty of count II. ██ The court failed to make a finding on the issue of defendant's alleged prior convictions. This is equivalent to a finding against the allegations. (*People* v. *Huffman,* 248 Cal.App.2d 260, 261 [56 Cal.Rptr. 255].) Proceedings were suspended, and probation was granted for five years upon condition that defendant spend the first year in county jail.

Conflicting testimony was presented at the trial, but viewing the evidence in the light most favorable to the people (*People* v. *Hill,* 67 Cal.2d 105, 121 [60 Cal.Rptr. 234, 429 P.2d 586]), the following facts were established: Willard R. Stevens, president of W. R. Stevens Company, Inc., 504 East Euclid, Compton, testified that some time between 4 p.m. on December 8 and 9 a.m. on December 9, 1967, someone broke into the company office, pried open the safe cabinet, and took the payroll checkbook and a Paymaster checkwriter, serial #77C20177, which bore the name plate "W. R. Stevens Company, Incorporated." No one was given permission by Mr. Stevens to have possession of the checkwriter.

Peter J. Lupton testified that he was a police officer for the City of Los Angeles. On April 2, 1968, he was assigned to Central Division Patrol, and at approximately 11 p.m. he and his partner, riding in a marked police car, were stopped at a red light at the corner of Seventh and Gladys. Defendant, driving a 1968 Volkswagen without any headlights on, approached the red light while travelling in the same direction as the officers. When defendant reached the corner, he made a right turn and drove northbound on Gladys. Officer Lupton made a right turn and followed defendant to the corner of Sixth and Ceres, where defendant stopped his car. The officers pulled in behind him and approached his vehicle to issue a traffic citation. No citation was issued, however. At no time did the officers turn on the red lights of their police vehicle, or otherwise signal for defendant to stop. As Officer Lupton approached defendant's car on the passenger side, he shined his flashlight into the car. Resting on the back seat in plain view was a Paymaster checkwriter. Officer Lupton knew that two days earlier a Paymaster checkwriter had been stolen in a burglary approximately two blocks from the location where defendant had stopped his car. "At this time [the officers] took the checkwriter into custody, as well as the defendant."

Without advising defendant of his constitutional rights, the officers questioned defendant as to the ownership of the checkwriter. Over defense objection, Officer Lupton was permitted to testify that "at first [defendant] stated that the checkwriter belonged to the company he worked for, a company in Inglewood, and that he was employed as a maintenance man, was given the task of repairing the handle on it . . . . Approximately 10 minutes later . . . [defendant] stated that the checkwriter in fact belonged to the man who owned the vehicle, that the vehicle was not his, and that this gentleman was a maintenance man and was given the task of repairing the checkwriter. He stated that he did not know who the gentleman was who owned the car, or who in fact did have possession of the checkwriter, he didn't know where he lived or what his name was." Defendant was taken to the Central Station for further investigation. The officers checked the serial number of the checkwriter and found no "want" on it at that time. Officer Lupton's partner "turned the handle in such a way as to make an imprint on a piece of paper, and [they] found the name W. R. Stevens Company, Incorporated listed on a piece of paper," and observed this name being printed.

On appeal defendant contends that the checkwriter was obtained as the result of an unlawful search and seizure, and that there was no probable cause to arrest him.

While we conclude that there was no unlawful search and seizure, we find that it was error to admit testimony concerning statements which defendant made to the police after the checkwriter was discovered.

■ Looking into the inside of a vehicle with a flashlight does not constitute a search. (*People* v. *Davis*, 222 Cal.App.2d 75, 78 [34 Cal.Rptr. 796].)
■ Since the officers knew that a similar checkwriter had been stolen two days earlier approximately two blocks from where defendant had stopped, they were entitled to take it to the Central Station to determine if it had been stolen. (See *People* v. *Searcy*, 199 Cal.App.2d 740, 746 [18 Cal.Rptr. 779, 90 A.L.R.2d 814].) ■ Moreover, under the circumstances, the officers had probable cause to arrest the moment they saw the checkwriter.
■ However, since the officers had placed defendant "in custody" upon discovering the checkwriter, they could not question him as to its ownership without advising him of his right to remain silent and of his right to counsel. (*Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].) These warnings must be given whenever "a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." (*Miranda* v. *Arizona, supra,* p. 444 [16 L.Ed.2d at p. 706].)

The judgment is reversed.

Kaus, P. J., and Aiso, J., concurred.

A petition for a rehearing was denied March 17, 1970.