Filed 10/16/25  P. v. Mauldin CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIN VINCENT MAULDIN,<br><br>    Defendant and Appellant. | B333751<br><br>(Los Angeles County<br>Super. Ct. No. MA084797-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Emily J. Cole, Judge.  Reversed and remanded with instructions.

Jared G. Coleman, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Deepti Vaadyala, Deputy Attorneys General, for Plaintiff and Respondent.

On appeal defendant Erin Vincent Mauldin contends the jury did not find true both prior strike allegations alleged against him and for which he was sentenced. He argues the verdict form shows the jury found true only one prior strike. We agree and reverse and remand the matter with instructions to find the second strike allegation untrue and to hold a new sentencing hearing.

## PROCEDURAL BACKGROUND

By Information filed March 22, 2023, the People charged appellant Erin Vincent Mauldin with the attempted premeditated murder of Dominique Beverly in violation of Penal Code sections 664 and 187, subdivision (a)[1] while personally inflicting great bodily injury and using a firearm within the meaning of sections 12022.7, subdivision (a) and 12022.5, subdivision (a); assault with a semiautomatic firearm on Earl McConnell in violation of section 245, subdivision (b); kidnapping Ariyah W., a victim under 14 years old, in violation of section 207, subdivision (a) while personally using a semiautomatic firearm with the meaning of sections 12022.5, subdivisions (a), (d); and assault with a semiautomatic firearm on Ariyah W. in violation of section 245, subdivision (b). The Information also alleged Mauldin suffered two prior strike convictions within the meaning of the Three Strikes Law (§ 667, subds. (d)), which also constituted prior serious felony convictions within the meaning of section 667, subdivision (a)(1). Finally, the Information alleged aggravating circumstances within the meaning of California Rules of Court, rules 4.421(a), (b).

---

[1] Undesignated statutory sections are to the Penal Code.

2

The jury convicted Mauldin on all counts. He elected to have the jury decide the truth of the enhancements, including the two prior strike allegations. The People presented evidence that Mauldin had sustained two prior felony robbery convictions in the same case, that is, case No. MA035322. The trial court read the allegations from the Information to the jury. The trial court stated: "[I]t's further alleged that with all of the counts, the defendant has been convicted of the following serious or violent felonies, and there are two counts under [case No.] MA035322. Both counts are violations of Penal Code section 211, which is robbery, and that conviction date was for both counts, September 11th of 2007."

The prosecutor presented the People's evidence of the prior convictions and, in closing, told the jury: "Does Mr. Mauldin have prior convictions? The only evidence that you can consider in determining whether or not he has prior convictions is this [section 969, subdivision (b)] packet. You all will be going back to deliberate one more time. You'll be able to take this packet with you and thumb through it and look at all of the information that Ms. Chavez just testified to. It is a certified record from the Department of Corrections indicating when Mr. Mauldin was convicted; what he was convicted of; where he went to prison; his movement within the prison system; and, ultimately, when he was paroled. [¶] I'll draw your attention specifically to that abstract of judgment. I know it's pretty difficult to see up on the screen, but this particular page of the document is going to tell you specifically about his convictions. Again, I know it's hard to see, but the case number that the judge read to you that will be contained on the verdict form is towards the top of the abstract of judgment. It gives you the date of the hearing as well as the date

of conviction, which is September 11, 2007, and then what his two convictions are for.  Now, it's the same count with the same case number, but it's two different counts; so it counts as two different convictions. [¶] You'll also be able to see that he pled to these counts for the primary counts, 211, which are robberies."

The trial court then instructed the jury with CALCRIM No. 3101 [Prior Convictions]: "The People have alleged that the defendant was previously convicted of other crimes.  It has already been determined that the defendant is the person named in exhibit 969(B) packet.  You must decide whether the evidence proves that the defendant was convicted of the alleged crimes. [¶] The People allege that the defendant has been convicted of: [¶] 1. A violation of Penal Code 211, for which judgment was entered on September 11, 2007, in . . . Los Angeles, in Case Number MA035322; [¶] 2. A violation of Penal Code 211, for which judgment was entered on September 11, 2007, in . . . Los Angeles, in Case Number MA035322. [¶] In deciding whether the People have proved this allegation, consider only the evidence presented in this proceeding.  Do not consider your verdict or any evidence from the earlier part of the trial. [¶] You may not return a finding that any alleged conviction has or has not been proved unless all 12 of you agree on that finding."

The verdict form, presented to and signed by the jury, as to the strike allegations stated: "We, the Jury in the above-entitled action, find that defendant, ERIN MAULDIN, suffered a prior felony conviction on or about September 11, 2007 in case number MA035322[,] a violation of Penal Code section 211 in the Los Angeles Superior Court to be TRUE."  The jury made no other findings related to the prior strike allegations.

4

Before the case went to the jury, the trial court invited comment about and objections to the jury instructions. The trial court asked if there were any corrections or additions that were needed or being requested. The record does not reflect that the trial court's invitation to comment extended to the verdict forms. There are no objections in the record to the form of the verdict.

In a sentencing memorandum to the court, defense counsel noted for the court that the jury had found true one prior strike conviction. Counsel also noted that the probation report included two prior strike convictions from case number MA035322. Counsel asked the court to strike a prior conviction along with the gun enhancements.

At sentencing, the trial court noted, "[T]he two strikes the defendant has [are] under case MA035322. The defendant's true strikes are from the same case, the same incident, but are from separate victims. The defendant and a codefendant entered a store and pointed rifles at multiple people in that store and ordered everyone into the restroom, stole money and cell phones, and one of the victims had the gun pointed at their head." The trial court sentenced Mauldin to a total of 85 years to life plus 12 years in prison. The aggregate term included a "third strike" sentence of 25 years to life. This appeal followed.

## FACTUAL BACKGROUND

In August 2022, Dominique Beverly and her four children returned home between 9:00 p.m. and 10:00 p.m. after a day spent with family in Apple Valley. Beverly took the children inside the apartment and then took their dog outside. When she returned to her front door, she heard someone running up behind her. It was Mauldin. He was extremely agitated and asked to come inside her apartment because he said he was being chased.

5

Beverly tried to enter the apartment without him, but Mauldin kept trying to force his way in. Eventually Mauldin asked if he could use the phone; he promised to stand by the front door. Beverly told him to wait. She headed towards her bedroom to find a weapon to protect herself. She also called her fiancé. Just as she connected with her fiancé, Mauldin attacked her from behind with a hammer. She ran into the living room before Mauldin attacked her again.

Beverly and Mauldin scuffled as she tried to grab the gun she now saw in his hand. Mauldin shot her in the face. Beverly called out to her 12-year-old daughter Ariyah to call the police. She then saw Mauldin holding the gun to Ariyah's head. Beverly, bleeding and choking on her blood, begged him not to shoot Ariyah. She began to crawl out of the apartment to find help.

Eventually Beverly's fiancé arrived. He saw Mauldin holding Ariyah in a chokehold and pointing a gun at her. Followed and observed by Beverly's fiancé, Mauldin walked to a house across the street and kicked open the wooden gate that led to the front yard. He told Ariyah he was doing all this because people were chasing him. He also told her, as he kept his arm around her neck, that she would be the first to die. Ariyah saw Mauldin with two guns.

At around 10:30 p.m. police arrived and found Mauldin holding Ariyah at gunpoint. Mauldin released her upon the officer's command to do so and he was then detained. Beverly suffered severe facial injuries, including the loss of her right eye, several skull fractures, recurring pain, and permanent swelling and nerve damage.

# DISCUSSION

I.    Standard of Review

Review of an unauthorized sentence presents a question of law which we review de novo.  (*People v. Smith* (2001) 24 Cal.4th 849, 852; *People v. Cromer* (2001) 24 Cal.4th 889, 894.)  A sentence that exceeds statutory limits is unauthorized and voidable at any time.  (*People v. Bell* (1971) 17 Cal.App.3d 949, 955.  No objection in the trial court is required to preserve the issue.  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

II.    Applicable Law

Under California's Three Strikes Law, a sentence of 25 years to life may be imposed only if the trier of fact expressly finds that the defendant has suffered two or more prior strike convictions.  (§ 1170.12, subd. (c)(2)(A); see also § 1170.1, subd. (e) [allegations must be found to be true by the trier of fact].)

This finding must be express, not implied.  Penal Code section 1158 provides as follows: "Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction.  The verdict or finding upon the charge of previous conviction may be: 'We (or I) find the charge of previous conviction true' or 'We (or I) find the charge of previous conviction not true,' according as the jury or the judge find that the defendant has or has not suffered such conviction.  If more than one previous conviction is charged a separate finding must be made as to each."  (§ 1158.)

III.    Analysis

The record is clear that the jury found true only one prior strike conviction, not two.  We conclude, pursuant to the reasoning of *People v. Huffman* (1967) 248 Cal.App.2d 260, that the trier of fact's failure to find true both strikes operates as an acquittal of one of the two strike allegations.  As *Huffman* explains, "Since no finding was made by the court as to the alleged prior conviction as required under Penal Code section 1158, the court's silence operates as an acquittal of the charge of the prior conviction.  [Citations.]  Thus the present conviction must be treated as a conviction upon a first offense.  [Citation.]" (*Huffman,* at p. 261; see also *People v. Bright* (1970) 4 Cal.App.3d 926, 928 [failure of trier of fact to make finding on prior conviction operates as acquittal of allegation].)

More salient is *People v. Eppinger* (1895) 109 Cal. 294.  There the jury was asked to find whether the defendant had suffered a prior conviction for petty larceny.  The jury returned a verdict of guilty on the underlying charge, but "[failed to] find specifically upon this issue as they were required to do by section 1158 of the Penal Code." (*Id.* at p. 297.)  The trial court sentenced the defendant to the mandatory term of fourteen years as if there had been a true finding on the prior petty larceny conviction.  Our Supreme Court held, "It was unquestionably error for the jury to have failed to find upon the issue.  The error being shown, the injury will be presumed, unless the contrary is clearly made to appear.  [Citations.]  In other words, it must be presumed that the trial judge treated the general verdict as including a finding in favor of the truth of the charge of prior conviction and thus sentenced under section 667 of the Penal Code.  Had the sentence been for any less period than fourteen

8

years, the difficulty would have been obviated, for it would then certainly have appeared that the court treated the verdict as favorable to the defendant upon the charge of prior conviction. Not having done so affords additional ground for the belief that it felt compelled to sentence under section 667. But, in so doing, the judge incorporated into the verdict a finding of fact which the jury did not make, and sentenced the defendant under an issue upon which the jury did not pass." (*Id*. at pp. 297–298.) The Supreme Court concluded: "The verdict rendered should be treated as a finding against the defendant upon the crime charged, and in favor of the defendant upon the question of prior conviction. The judgment must therefore be reversed, with directions to the trial judge to pronounce a judgment and sentence upon defendant in the exercise of . . . discretion upon the facts and circumstances of the case." (*Id*. at p. 298; *People v. Gutierrez* (1993) 14 Cal.App.4th 1425, 1440 [where no words are used and the trier of fact fails to make a finding, the effect is the same as a finding of "not true"].)

Citing *People v. Jackson* (2014) 58 Cal.4th 724, 750 and *People v. Ochoa* (1998) 19 Cal.4th 353, 427, the People contend we should treat the jury's failure to make a factual finding as a "technical" defect in the verdict form that may be disregarded. The People also suggest that because the instructions were so clear, the jury had no reason to believe that they were making a finding as to a single strike only and therefore we should imply a jury finding that both strike allegations were true. Finally, the People argue that if we determine there must be a jury finding on the second strike allegation, all we have to do is remand for a retrial on the allegation pursuant to *People v. Barragan* (2004) 32 Cal.4th 236, 259.

9

We disagree with the People's contentions.  This was not a verdict form that had the potential to confuse the jury, as contended in *Jackson* and *Ochoa*.  This was the complete absence of a jury form, in violation of section 1158's requirement of a separate verdict form for each alleged prior conviction.  The form the jury did sign was neither unclear nor confusing.  It plainly asked for one finding on one prior conviction in the prior case in which Mauldin had sustained two prior convictions.  We can speculate as to why the jury proceeded with the jury verdict form that contradicted the instructions it had received, but to what end.  Over 100 years ago, *People v. Eppinger* set out the path we must follow, which does not include a retrial of the allegation.  We do so now.

## DISPOSITION

The judgment is reversed with directions to find the second strike allegation untrue and to hold a new sentencing hearing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

VIRAMONTES, J.                    RUBIN, J.[*]

---

[*]      Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10